NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE FOUNDATIONS WORLDWIDE, INC.,**
AND **JOSEPH A. LAWLOR,**
*Petitioners.*

---

2013-159

---

On Petition for Writ of Mandamus to the United States District Court for the Central District of California in No. 13-CV-1683, Judge R. Gary Klausner.

---

**ON PETITION**

---

Before NEWMAN, PROST, and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

## O R D E R

Petitioners Foundations Worldwide, Inc. and Joseph A. Lawlor ("Foundations") seek a writ of mandamus to direct the United States District Court for the Central District of California to vacate its June 18, 2013 order and dismiss or transfer the case to the United States District Court for the Northern District of Ohio.  Oliver & Tate Enterprises, Inc. d/b/a Coverplay ("Coverplay") oppose the petition.

## I.

Coverplay, a California corporation, and Foundations, an Ohio corporation, are both in the business of child care products. In December 2009, the parties met to discuss the possibility of Foundations purchasing Coverplay or licensing its products. In anticipation of that meeting, the parties entered into an agreement to exchange confidential information.

Following that meeting, Coverplay became suspicious that Foundations was unlawfully using confidential information obtained during those negotiations to infringe Coverplay's patents and hinder its business. In February 2013, Coverplay sent Foundations a cease-and-desist letter, noting that if Foundations did not respond by March 4, 2013 Coverplay would sue for patent infringement and a number of California state law claims.

At Foundations' request, Coverplay temporarily refrained from filing suit, but set a firm deadline to respond by March 8, 2013. On March 8th, Coverplay called to inform Foundations' legal counsel that on March 7th it filed a declaratory judgment action against Coverplay in the Northern District of Ohio. Within hours of that phone call, Coverplay filed this suit in the Central District of California naming Foundations and its president, Joseph Lawlor, as defendants.

Foundations moved to transfer the case to the Northern District of Ohio where its action had been filed or, alternatively, dismiss for, inter alia, lack of personal jurisdiction and improper venue. On June 18, 2013, the Central District of California denied that motion, noting that both parties' arguments for convenience and justice were "equally forceful," and that the court had personal jurisdiction over Lawlor in light of purposeful actions he directed at Coverplay in California relating to the alleged

violation of the non-disclosure agreement and misconduct in response to a rejection of a proposed license agreement.

On August 12, 2103, the Northern District of Ohio dismissed Foundations' declaratory judgment action.

## II.

This court has authority to grant mandamus relief in a patent infringement action, 28 U.S.C. § 1651, but in seeking such relief, petitioners bear a heavy burden. They must show: (1) a clear and indisputable legal right to relief; (2) that there are no adequate alternative legal channels through which petitioners may obtain that relief; and (3) that the grant of mandamus is appropriate under the circumstances. *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004).

Relying on the first-to-file rule, petitioners argue that the Central District of California erred in not dismissing or transferring the case to the Northern District of Ohio. That rule permits a district court to decline jurisdiction or transfer an action when a complaint involving the same parties and issues has already been filed in another district. *See generally Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993).

While the first-filed case is generally preferred, courts often made exceptions to this rule when it would be unjust or inconvenient to defer to the first action. *Id.* at 937; *see also Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011). One such consideration is when the first action was an anticipatory suit. *See Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347-48 (Fed. Cir. 2005); *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

We discern no clear abuse of discretion in the district court's conclusion that the first-to-file rule was inapplicable to this case. As the district court explained, Coverplay "made multiple concrete indications of its intentions to

file suit prior to . . . [petitioners] filing their suit," and "while [petitioners] were claiming to pursue a non-legal resolution, they were preparing an anticipatory filing." The Northern District of Ohio notably reached the same conclusion, and dismissed the first-filed case because of petitioners' "inequitable conduct leading up to an anticipatory suit[.]"  In light of these circumstances and other facts that suggest the Central District of California is a suitable forum for this case, we cannot say that the district court clearly erred in not applying the first-to-file rule.

We also reject petitioners' contention that the Central District of California otherwise unlawfully refused to transfer the action to the Northern District of Ohio.  The "[w]eighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).  On "rare instances," an appellate court can override the trial court's decision not to transfer if it would be clearly more convenient or fair to grant a transfer motion. *Id*.  But this is not such a case.  The district court reasonably concluded that both parties' arguments for convenience and justice were "equally forceful" in light of the fact that parties and anticipated witnesses reside in both Ohio and California.

Finally, petitioners contend that the Central District of California erred in finding personal jurisdiction over Lawlor.  Based on the papers submitted, petitioners have not shown that a clear and indisputable right to relief or that Lawlor cannot obtain meaningful relief after an appeal from final judgment.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

IN RE FOUNDATIONS WORLDWIDE, INC.                    5

FOR THE COURT

/s/   Daniel E. O'Toole
     Daniel E. O'Toole
     Clerk of Court

s26